[658 NYS2d 312]

In the Matter of WILLIAM J. HICKEY (Admitted as WILLIAM JAMES HICKEY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 17, 1997

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Third Judicial Department on November 8, 1956, as William James Hickey. At all times relevant to this proceeding, he held himself out as maintaining an office for the practice of law within the First Judicial Department. The Departmental Disciplinary Committee (Committee) moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court, due to his willful failure to cooperate with the Committee in its investigation.

The Committee's motion is based upon respondent's lack of cooperation in the Committee's investigation into his 1992 resignation from the California Bar, which resignation was tendered while a disciplinary proceeding alleging five charges of professional misconduct was pending against him.

After it was advised in January 1996 that respondent was no longer permitted to practice law in California, the Committee on Professional Standards for the Third Judicial Department attempted for almost a year to have respondent set forth in writing his position with respect to his resignation from the California Bar. On January 10, 1997, that committee received a copy of a letter signed by respondent on letterhead of a law firm with offices in Manhattan. Thereupon, this matter was transferred to the Committee on February 6, 1997.

By letter dated February 24, 1997, the Committee wrote to respondent informing him that it had no record of his resignation from the California Bar, as is required by the Rules of this Court (22 NYCRR) § 603.3 (d), and requested that he send all documents pertaining to the California disciplinary proceeding within 10 days or, in the alternative, submit an affidavit of resignation from the New York State Bar. Respondent did not respond to the letter in any manner.

On March 7, 1997, the Committee sent a second letter to respondent, return receipt requested, which letter was signed for on March 10, 1997. Also on March 7, 1997, the Committee attempted to telephone respondent at his New York City office. The receptionist said that respondent was not in, but took a message and informed the Committee of the office fax number. The Committee then faxed a copy of the letter to the office. Once again, respondent failed to submit any response.

Accordingly, on March 18, 1997, the Committee sent a subpoena duces tecum to respondent's New York office requiring him to appear at the Committee on Monday, March 24,

1997. On Friday, March 21, 1997, respondent telephoned the Committee and left a message stating that he was in California and that it was not physically possible for him to make it to New York by the 24th. In the message, respondent also stated that he could not possibly get the requested files in time and asked Staff Counsel to call him to make other arrangements. When Staff Counsel returned the call on March 24, 1997, respondent claimed that he was partially disabled with a respiratory condition that prevented him from travelling to New York. Respondent also stated that he was not in possession of the files and records requested by the Committee.

Since the phone call on March 24, 1997, respondent has not had any contact with the Committee. He has not produced any medical records or other evidence corroborating his claimed disability or potentially excusing his failure to comply with the subpoena or to respond to the numerous letters from the Committee on Professional Standards and the Committee over the course of 15 months. Nor has respondent ever produced the files of the California case or a written statement as to his position thereon.

The Committee now submits that respondent should be suspended from the practice of law for noncooperation with its investigation pursuant to 22 NYCRR 603.4 (e) (1) (i) based upon his failure to comply with the subpoena as well as its numerous requests for information. On March 31, 1997, the Committee served its motion on respondent by mail at both his New York City office and the California address he gave to the Committee during the phone call on March 24, 1997. To date, respondent has not interposed a response to this motion.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of disciplinary charges against him upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: "(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]).

Respondent's failure to cooperate with the Committee is well documented and undisputed. He has failed altogether to answer the complaint against him and has disobeyed the Com-

mittee's commands to appear before it. While respondent did advise the Committee that he would be unable to appear pursuant to the terms of the subpoena and offered a potentially plausible excuse, he has utterly failed to corroborate that excuse. Nor has he made any attempt to produce the information requested.

As the Committee submits, respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 187).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is hereby suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ROSENBERGER, J. P., WALLACH, RUBIN, WILLIAMS and ANDRIAS, JJ., concur.

The application is granted to the extent of suspending respondent from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.