[696 NYS2d 444]

In the Matter of MARK R. RENNIE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 19, 1999

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Mark R. Rennie, was admitted to the practice of

law in the State of New York by the First Judicial Department on July 17, 1989. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of this Court, due to his wilful failure to cooperate with the Committee's *sua sponte* investigation and an order of commitment issued by the Supreme Court, New York County. Further, there is uncontested evidence of respondent's professional misconduct.

In 1998, Ms. Robison issued two checks to respondent totaling $19,000 for the payment of environmental consultants in a legal matter respondent was handling on her behalf. Respondent deposited the checks into his business account and wrote numerous checks for personal and/or business purposes, but failed to pay the consultants. He twice tendered checks for $18,500 to the consultants, however, they did not clear due to insufficient funds. Ms. Robison never gave respondent consent to use her money for personal or business expenses and he never informed her that he had so used the funds.

In his answer, respondent argues, *inter alia*, that the funds paid to him by Ms. Robison were not client funds which had to be segregated or held in escrow prior to being disbursed. Respondent averred that prior to receipt of the funds from Ms. Robison, he had issued a check on July 1, 1998 to the consultants from his own funds, which was returned for insufficient funds. Respondent acknowledges that two subsequent checks issued were returned for insufficient funds and attributes this to his inability to gauge the flow of cash into and out of his business account. In response to requests for information as to the source of the deposits in the special account, respondent claims that, except for an initial deposit of client funds and the subsequent disbursement of those funds, all subsequent deposits into the special account were personal or business funds. Respondent has ignored subsequent requests from petitioner to provide documentation to support these assertions.

In a letter dated March 31, 1999, respondent notified the Committee that on October 9, 1998 he had entered into an employment contract with the law firm of Fischbein, Badillo, Wagner and Harding but had failed to disclose to the firm a

pending civil action against him, to wit, an action entitled *Frederick W. Hughes v Mark R. Rennie* in New York County Supreme Court before Justice Elliott Wilk. By order entered April 22, 1999, Justice Wilk held respondent in contempt of his previous order dated November 4, 1998, in which respondent was ordered to provide an accounting. On April 23, 1999, petitioner notified respondent that it had opened a *sua sponte* investigation into this matter. Respondent failed to purge himself of the contempt, and accordingly, Justice Wilk issued an order of commitment on June 4, 1999 declaring respondent guilty of contempt and that he be arrested and delivered to Supreme Court for a hearing.

Petitioner sought to depose respondent concerning both investigations and respondent agreed to appear for a deposition. However, the day before the deposition, respondent requested an adjournment. Subsequently, the Committee served respondent with a court-ordered subpoena to appear for his deposition. Respondent sought several adjournments for medical reasons. After several adjournments and failure to verify his medical condition, respondent never appeared for deposition.

The record herein sets forth uncontested evidence of respondent's professional misconduct and he should be suspended pursuant to 22 NYCRR 603.4 (e) (1) (iii). Respondent misappropriated approximately $19,000 given to him by Ms. Robison. Respondent's use of such funds without the consent or authority of Ms. Robison constitutes a violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) and a failure to preserve client funds in an escrow or special account, in violation of DR 9-102 (22 NYCRR 1200.46). Further, respondent improperly deposited personal and/or business funds into his special account in violation of DR 9-102. Moreover, respondent's failure to comply with the Supreme Court's order in the Hughes litigation is prejudicial to the administration of justice in violation of DR 1-102 (A) (5), constitutes a disregard of a standing ruling of a tribunal in violation of DR 7-106 (A) (22 NYCRR 1200.37), and reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (8). Finally, respondent's admitted failure to disclose the existence of the Hughes litigation to his new employers constitutes conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (A) (4).

Respondent's failure to cooperate with petitioner's investigations warrants immediate suspension. Initially, respondent ap-

peared to cooperate by providing some information and an answer in response to the first complaint. However, he disregarded subsequent requests and impeded the furtherance of the investigation. The Committee granted respondent numerous last-minute adjournments of his deposition under subpoena, but respondent has deliberately evaded the Committee and utterly failed to respond. The failure to appear before the Committee in response to a subpoena evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the investigation (*Matter of Gordon*, 142 AD2d 135). Such failure to cooperate constitutes professional misconduct that threatens the public interest (22 NYCRR 603.4 [e] [1]), warranting immediate suspension from the practice of law (*Matter of Hickey*, 231 AD2d 174).

Accordingly, petitioner's motion should be granted and respondent suspended from practice immediately and until the further order of this Court.

SULLIVAN, J. P., WILLIAMS, MAZZARELLI, LERNER and RUBIN, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective the date hereof until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.