[701 NYS2d 374]

In the Matter of LAWRENCE H. FINE (Admitted as LAWRENCE HOWARD FINE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 11, 2000

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the New York Bar at the Appel-

late Division, Second Judicial Department, in 1983, and has practiced law within the First Department at all relevant times since then.

In July 1999, the Nassau County Surrogate filed a complaint with petitioner Departmental Disciplinary Committee that was sharply critical of respondent's representation in an estate matter. Respondent had allegedly breached an agreement to file an affidavit of his services justifying the more than $23,000 in fees he had charged, and defaulted on the hearing date, leaving his client, the executrix, without representation at an inquest, resulting in a number of surcharges against her. He then ignored a written request, a demand and a subpoena duces tecum from petitioner concerning this matter.

In September 1999, a separate complaint charged that respondent had ignored requests to return a $375 retainer to a client after providing no legal services. Respondent then ignored a written request and a demand from petitioner for a response to this complaint.

We note that this is not the first time petitioner has acted against respondent. In 1991, respondent allegedly took $3,800 in retainer and fees to represent a client's company in litigation, but later abandoned the case and refused to communicate with his client, despite the latter's entreaties for status. Respondent then ignored a written request, a demand, and a subpoena duces tecum from petitioner concerning this matter. That complaint was withdrawn after respondent belatedly filed an answer citing his myriad personal problems, expressing contrition, and pleading for another chance.

The failure to respond to the latest complaint, to appear in response to a subpoena, or even to request an adjournment, evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede petitioner's investigation (*Matter of Valdes*, 160 AD2d 31). Such neglect, as well as failure to cooperate in a disciplinary investigation, constitutes professional misconduct that threatens the public interest (22 NYCRR 603.4 [e] [1]), warranting immediate suspension from the practice of law (*Matter of Hickey*, 231 AD2d 174; *Matter of Pikoulos*, 189 AD2d 457).

Accordingly, petitioner's motion should be granted. Respondent should be suspended from practice immediately until disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

NARDELLI, J. P., WILLIAMS, MAZZARELLI, WALLACH and LERNER, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective the date hereof, and until the further order of this Court.