[709 NYS2d 564]

In the Matter of KENNETH M. AGELOFF (Admitted as KENNETH MICHAEL AGELOFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 6, 2000

**APPEARANCES OF COUNSEL**

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Kenneth M. Ageloff was admitted to the practice

of law in the State of New York by the First Judicial Department on June 28, 1978. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent has not appeared in this proceeding.

Respondent's client filed a complaint with the Departmental Disciplinary Committee in June 1999, alleging that respondent neglected six legal matters that he had entrusted to him. On July 8, the Committee sent a copy of the complaint to the office address that respondent had listed with the Office of Court Administration. The Committee's letter directed respondent to answer within 20 days of receipt. Though the letter was not returned as undeliverable, respondent did not submit an answer or contact the Committee.

On August 3, a Committee paralegal and investigator each called respondent's firm, but were told that the firm had not heard from him since January 1999. That number was subsequently disconnected. Having obtained respondent's home address and confirmed it with the telephone company, the Committee left him two phone messages on August 3 and August 6. Again, respondent made no contact with the Committee.

A second copy of the complaint was sent to respondent's home address on August 30, with a letter advising him that his failure to respond would, in itself, make him subject to discipline. No response was made. The Committee sent yet another letter to respondent's home address, one copy by first-class and another by certified mail, on October 6. The letter directed him to respond within 10 days in order to avoid sanctions for failure to cooperate pursuant to 22 NYCRR 603.4 (e) (1) (i). The first-class letter was not returned, but the certified letter was returned as unclaimed. Again, there was no response. Four more phone messages and another letter also went unanswered.

Thereupon, the Committee obtained a subpoena duces tecum, requiring respondent to appear at the Committee's office on December 17, 1999. On December 8, a Committee investigator personally served the subpoena and a copy of the complaint by handing them to respondent in the lobby of his apartment building.

On February 16, 2000, the Committee sent another certified letter warning that respondent would be suspended if he failed to comply with the subpoena. This letter was returned unclaimed on March 10.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), suspending respondent from the practice of law

until further order of this Court. That section provides that an attorney may be suspended, pending consideration of the charges against him, based upon his default in responding to charges of professional misconduct or his failure to cooperate with a Committee investigation. Respondent was served with the instant motion by mailing one copy to his residence and leaving the other copy with the concierge in his apartment building. Respondent has sent no reply to the Committee.

Respondent's complete failure to respond to the Committee's repeated efforts to obtain his cooperation, as well as his failure to submit to a court-ordered subpoena or to answer the complaint, shows "shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the investigation" (*Matter of Rennie*, 260 AD2d 132, 135). Suspension is more than warranted (*Matter of Hickey*, 231 AD2d 174).

Accordingly, the Committee's petition should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until further order of this Court.

SULLIVAN, P. J., ROSENBERGER, NARDELLI, ELLERIN and WALLACH, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until the further order of this Court.