[714 NYS2d 494]

In the Matter of DEE E. ALPERT (Admitted as DEE ESTELLE ALPERT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 2, 2000

### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Dee E. Alpert, was admitted to the practice of law in the State of New York by the First Judicial Department on May 5, 1986, as Dee Estelle Alpert. Respondent maintains an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has moved for an order immediately suspending respondent from the practice of law until further order of this Court based upon 22 NYCRR 603.4 (e) (1) (i) due to her willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct, her failure to register with the Office of Court Administration and her failure to pay her biennial registration fee in violation of Judiciary Law § 468-a. In December 1999, the Committee received a complaint from an individual who claimed that he had retained respondent to pursue a claim for educational services on behalf of his minor son and had been unable to get respondent to respond to inquiries, return the retainer deposit of $5,000 or return audiotapes he had provided respondent. Respondent was duly served with that complaint by the Committee and directed to submit a written answer which she failed to do. The Committee thereafter duly served respondent with a further demand for a response, a letter scheduling an appearance before the Committee and a subpoena duces tecum. Although properly served, respondent failed to appear and has never answered the complaint. Since respondent failed to respond to any of the Committee's letters, failed to submit a written answer to the complaint and failed to comply with the subpoena, respondent should be im-

mediately suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) pending further order of this Court. Furthermore, according to records maintained by the Office of Court Administration, respondent has failed to register for the period 1998-1999 and failed to pay the registration fee for this same time. Her conduct "evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede" the Committee's investigation (*Matter of Rennie,* 260 AD2d 132, 135). This conduct warrants immediate suspension from the practice of law (*Matter of Hickey,* 231 AD2d 174).

Accordingly, the petition for an order pursuant to 22 NYCRR 603.4 (e) (1) and Judiciary Law § 468-a should be granted, and respondent immediately suspended pending further order of this Court.

WILLIAMS, J. P., TOM, RUBIN, SAXE and BUCKLEY, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective immediately, as indicated.