[776 NYS2d 236]

In the Matter of BRUCE H. HEST (Admitted as BRUCE HEST), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 20, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (La Trisha A. Wilson* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Bruce H. Hest was admitted to the practice of law in the State of New York by the First Judicial Department on January 30, 1978. Respondent currently resides in Florida, therefore, jurisdiction is based upon his admission to this Department. Respondent is also admitted to the practice of law in the states of Florida and Massachusetts.

By order entered June 26, 2003 (*Matter of Hest*, 308 AD2d 85 [2003]), this Court granted the Departmental Disciplinary Committee's motion and immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), for his failure to cooperate with the Committee in its investigation of discipline imposed upon him in Florida and Massachusetts, and of other uncontested evidence of misconduct in the State of Florida. That motion was based on respondent's misappropriation of funds from his attorney escrow account in the State of Florida, which resulted in an emergency temporary suspension by the Florida Supreme Court. Thereafter, respondent filed a petition for disciplinary resignation for a period of five years, which was granted by the Supreme Court of Florida.

Subsequently, the Massachusetts Bar Counsel filed a petition for reciprocal discipline based upon the Florida court's order

which granted respondent's petition to resign. The Supreme Judicial Court for Suffolk County accepted, reciprocally, respondent's resignation from the Florida bar and struck his name from the roll of attorneys in Massachusetts. Respondent never notified this Court of the discipline imposed in Florida and Massachusetts in 2001 as required by 22 NYCRR 603.3 (d). In addition, according to the records of the Office of Court Administration, respondent has not paid registration fees since 1991.

Based upon respondent's dilatory tactics and willful failure to cooperate, this Court immediately suspended respondent. The Committee's notice of motion to suspend specifically stated that, pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice.

The Departmental Disciplinary Committee now seeks an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g), on the ground that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and (iii), and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension which was June 26, 2003. Respondent has failed to appear on the present motion or the previous motion to suspend.

Accordingly, in light of the foregoing and inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), should be granted (see Matter of Fisher, 304 AD2d 100 [2003]) and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

ANDRIAS, J.P., SAXE, LERNER, FRIEDMAN and MARLOW, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York effective the date hereof.