[778 NYS2d 499]

In the Matter of JAIME V. DELIO (Admitted as JAMIE VINCENT DELIO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 15, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady Edelstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jaime V. Delio was admitted to the practice of law by the Second Judicial Department on April 22, 1987, as Jaime Vincent Delio and, at all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law due to his willful failure to cooperate with the Committee's investigation and based upon uncontested evidence of serious professional misconduct.

The Committee received its first complaint regarding respondent in June 2003 from his former wife, alleging that respondent willfully failed to satisfy a judgment for child support arrears and failed, pursuant to that same judgment, to transfer the shares of their cooperative apartment to the ex-wife, resulting in it being sold at auction due to foreclosure, with a financial loss to the ex-wife of over $130,000. Respondent was subsequently held in contempt, and ordered to pay his ex-wife $246,389.04, representing 29 months of child support arrears and restitution for the loss of the cooperative apartment.

In December 2003, the Committee received a second complaint concerning respondent from his former law partner, who alleged that respondent had closed out their former firm's escrow account containing client funds, and moved it to another bank without her consent. The former partner asserted that after numerous delays by respondent in providing banking records, she discovered that he had removed funds, claiming he was owed legal fees, and that he refused to redeposit those funds.

Despite being served with both complaints, subsequent demands that he answer the complaints and produce certain records, and a judicial subpoena duces tecum demanding his appearance and the production of certain records, respondent has not appeared, has not contacted the Committee, and has not produced any documents or records. Respondent was thereafter notified of his default and was asked to contact the Committee immediately, but failed to do so, and has not submitted any opposition to the instant suspension motion.

As a result of respondent's failure to cooperate with the Committee's investigation and the uncontested allegations of

misconduct involving his former firm's client escrow funds, as well as his failure to purge the contempt finding made by Supreme Court, we conclude that respondent's conduct evinces a shocking disregard for the judicial system, which can only be interpreted as a deliberate and willful effort to impede the investigation, warranting his immediate suspension from the practice of law (*see Matter of Shaw*, 299 AD2d 99 [2002]; *Matter of Rennie*, 260 AD2d 132 [1999]).

Accordingly, the Committee's motion for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), should be granted, and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of the Court.

NARDELLI, J.P., ELLERIN, WILLIAMS, FRIEDMAN and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.