[780 NYS2d 353]

In the Matter of CHRISTOPHER J. SCHULZE (Admitted as CHRISTO-PHER JOEL SCHULZE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 12, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Christopher J. Schulze was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1985 under the name Christopher Joel Schulze and, at all relevant times, has maintained an office for the practice of law within this Judicial Department.

This Court, by order entered October 28, 2003 (*Matter of Schulze*, 1 AD3d 1 [2003]), granted a prior application by the Departmental Disciplinary Committee (the Committee) and immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i). The order was based upon respondent's failure to cooperate with the Committee in its investigation of five complaints filed against him with the Committee, as well as his failure to pay his registration fee and register with the Office of Court Administration in violation of Judiciary Law § 468-a. The complaints allege, inter alia, that respondent neglected cases, failed to communicate with clients and, in one matter, it is alleged that respondent fraudulently manufactured a settlement document after misrepresenting the status of the case.

The Committee, in its previous application for immediate suspension, specifically warned respondent that, pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice.

Respondent, who failed to appear on the previous motion as well as the present motion, has also neglected to appear or make a written application to the Court, or the Committee, for a hearing or reinstatement, despite being served with this motion, and the fact that more than six months have elapsed since the date of this Court's order of suspension.

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately (*see Matter of Hest*, 7 AD3d 1 [2004]).

NARDELLI, J.P., WILLIAMS, MARLOW, GONZALEZ and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.