[791 NYS2d 38]

In the Matter of HUMA H. KAMGAR (Admitted as HUMA HANRATTY KAMGAR), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 8, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Angela Christmas* of counsel), for petitioner.

No appearance by respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Huma H. Kamgar was admitted to practice law in New York State by the Second Judicial Department on January 5, 1994, under the name Huma Hanratty Kamgar. At all times relevant herein respondent maintained an office for the practice of law within this Judicial Department.

By order entered May 27, 2004 (*Matter of Kamgar*, 7 AD3d 114 [2004]), this Court suspended respondent from the practice of law on an interim basis for her failure to cooperate with the Committee in its investigation of professional misconduct. Previously, the Departmental Disciplinary Committee had obtained an order from this Court to serve the notice for the interim suspension motion upon respondent by publication in the New York Law Journal, which was done in November and December 2003.

In September 2001 a complaint had been filed against respondent with the Committee alleging that she had neglected an immigration matter entrusted to her which resulted in a denial of her client's political asylum application. The complainant alleged, inter alia: that after a fee had been agreed and paid respondent used the threat of deportation to exact additional payment; that adjournments were obtained without consultation; and that, subsequent to an administrative hearing at which respondent may not have been present, the complainant's application was denied and may have been later withdrawn by respondent without complainant's permission.

After a copy of the complaint was mailed and returned to the Committee as undeliverable, Committee investigators attempted to locate respondent through various methods without success. Post Office records revealed that respondent was no longer receiving mail at her home address and had left no forwarding address. While those records also showed that respondent sometimes received mail at the firm of Carmon & Carmon in Manhattan, when a Committee investigator inquired at that firm, he was advised that respondent had left the United States for India and had left no information on how to contact her. An attorney who assumed responsibility for some of respondent's cases also advised the Committee investigator that she did not know where respondent had moved to and did not know how to contact her. Subsequently, the investigator attempted to locate

respondent through various methods, including a communication directed to the Bar Association of India, but has been unable to locate her. The Committee states that respondent has not communicated with it in any manner, at any time, and has failed to advise the Office of Court Administration of any changes in her record address or telephone number since her last registration. Based on the record, we suspended respondent.

The Committee now moves to disbar respondent pursuant to 22 NYCRR 603.4 (g), on the ground that she has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension, which was May 27, 2004. According to the record evidence, respondent was served with the instant motion to disbar by first class and certified mail at her last known business address but has not responded.

Since more than six months have elapsed since the suspension order, and respondent has neither appeared nor applied for a hearing or reinstatement, the motion for an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g) should be granted (*see Matter of Hest*, 7 AD3d 1 [2004]).

BUCKLEY, P.J., TOM, FRIEDMAN, MARLOW and NARDELLI, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.