[794 NYS2d 305]

In the Matter of JAIME V. DELIO (Admitted as JAIME VINCENT DELIO), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 2005

#### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Mady J. Edelstein* of counsel), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Jaime V. Delio was admitted to the practice of

law by the Second Judicial Department on April 22, 1987 as Jaime Vincent Delio and, at all times relevant herein, has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (g), disbarring respondent on the grounds that he was suspended under 22 NYCRR 603.4 (e) (1) (i) and (iii), and has not appeared nor applied in writing to the Committee, or this Court, for a hearing or reinstatement for six months from the date of the order of suspension.

This Court, by order entered June 15, 2004 (*Matter of Delio*, 9 AD3d 160 [2004]), suspended respondent on an interim basis on the grounds that he had engaged in professional misconduct immediately threatening the public by failing to cooperate and appear before the Committee in its investigation of professional misconduct, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii). Respondent's suspension was based upon his pattern of delay and evasion in answering two disciplinary complaints filed against him.

The first complaint arose out of a finding of contempt by Justice John E.H. Stackhouse regarding respondent's willful disobedience of a Supreme Court order of child support and restitution. The second complaint, received from respondent's former law partner, asserted that respondent had closed out the former firm's escrow account and had moved it to another bank, without her knowledge or consent, after removing legal fees he claimed he was owed. Respondent has also failed to appear before the Committee, as ordered by a judicial subpoena duces tecum, failed to produce records as directed, and has not contacted the Committee.

Respondent, who failed to appear on the previous motion as well as the present motion, has also neglected to appear or contact the Court, or the Committee, for a hearing or reinstatement, despite being served with this motion, coupled with the fact that more than six months have elapsed since the date of this Court's order of suspension.

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately (*see Matter of Schulze*, 10 AD3d 135 [2004]).

FRIEDMAN, J.P., ELLERIN, NARDELLI, WILLIAMS and GONZALEZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.