OPINION OF THE COURT
Per Curiam.
Respondent Daniel Millstone was admitted to the practice of law in the State of New York by this Court on July 7, 1977. At all relevant times, he has maintained an office for the practice of law within the First Judicial Department.
On May 27, 2011, the Departmental Disciplinary Committee moved for respondent’s interim suspension from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), with immediate effect and until further order of the Court. The basis for the motion was the threat to the public interest posed by respondent’s failure to cooperate with the Committee’s investigation of his alleged professional misconduct. In support of that motion, the Committee advised that respondent had failed to respond to charges that he had neglected a client matter, and that he had failed to comply with a subpoena directing him to appear for a deposition. The notice of motion seeking suspension included a notice that, pursuant to 22 NYCRR 603.4 (g), a suspended attorney “who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice.” Respondent did not respond to the Committee’s motion to suspend him, and, by order entered August 18, 2011, the motion was granted (Matter of Millstone, 88 AD3d 283 [2011]). On September 1, 2011, the Committee served respondent, by first-class mail and certified mail, with notice of entry of the order suspending him from the practice of law.
Now before us is the Committee’s motion, dated February 23, 2012, to disbar respondent pursuant to 22 NYCRR 603.4 (g), based on his failure to apply to the Committee or the Court for a hearing or reinstatement for more than six months from the date of the order suspending him. The Committee notes that respondent has not filed with this Court, as required under 22 NYCRR 603.13 (f), either proof of compliance with 22 NYCRR 603.13 (c) and (d) or a statement of the address to which communications to him should be directed. Lastly, the Committee avers that, although not required by 22 NYCRR 603.4 (g) to give respondent notice of the instant motion to disbar, the Committee has served respondent with such notice by first-class mail and certified mail, return receipt requested, directed to his last known address.
*331 Because more than six months have elapsed since the date of the order suspending respondent from the practice of law, and respondent has not applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee’s motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted (see Matter of Kennedy, 55 AD3d 169 [2008]; Matter of Johnson, 22 AD3d 106 [2005]; Matter of Schulze, 10 AD3d 135 [2004]).
Accordingly, the Committee’s motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
Saxe, J.P., Friedman, Freedman, Richter and Abdus-Salaam, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.