[954 NYS2d 456]

In the Matter of ROBERT L. COHEN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 6, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin Whittinghim* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert L. Cohen was admitted to the practice of law in the State of New York by the Second Judicial Department on December 19, 1969 and has maintained an office for the practice of law within the First Judicial Department.

By order entered November 22, 2011 (*Matter of Cohen*, 90 AD3d 21 [2011]), this Court granted the motion of the Departmental Disciplinary Committee (DDC) to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) based upon substantial admissions under oath and other uncontested evidence of professional misconduct that he misappropriated and/or converted more than $9,800 in escrow funds for his own personal use without permission or authority to do so, misused his IOLA account for business and/or personal purposes, and failed to keep bookkeeping records required for his escrow account. Respondent, represented by counsel, consented to his interim suspension.

On December 2, 2011, the DDC sent a notice of entry of this Court's November 22, 2011 suspension order to respondent's counsel's office by first-class and certified mail, return receipt requested. The first-class mail was not returned and the certified mail receipt was signed for on December 5, 2011. The DDC seeks an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the grounds that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (ii) and (iii) and has not appeared or applied in writing to the DDC or the Court for a hearing or reinstatement since the date of his immediate suspension, which occurred more than six months ago on November 22, 2011. In addition, the DDC notes that respondent has not filed an affidavit of compliance as required under 22 NYCRR 603.13 (f).

Respondent's counsel states that he has discussed this matter with respondent and respondent has agreed that under all the circumstances, the most appropriate course of action at this point would be to consent to the DDC's motion to disbar.

Given that more than six months have elapsed since the date of this Court's suspension order and respondent has failed to appear or contact the DDC or the Court for a hearing or reinstatement, and respondent consents to the relief sought by the DDC, the DDC's motion for an order disbarring respondent

should be granted (*see Matter of Jones*, 89 AD3d 227 [2011]; *Matter of Bambury*, 91 AD3d 141 [2011]; *Matter of Delio*, 17 AD3d 69 [2005]) and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

FREEDMAN, J.P., RICHTER, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.