[638 NYS2d 445]

In the Matter of VALENTINE N. HOROSHKO (Admitted as VALENTINE NICHOLAS HOROSHKO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 22, 1996

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Valentine N. Horoshko, was admitted to the practice of law in the State of New York as Valentine Nicholas

Horoshko by the Second Judicial Department on December 18, 1967. At all times relevant herein, Horoshko has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation. The Committee initially opened an investigation of respondent's professional misconduct in August 1994 after receiving a complaint from a former client alleging that respondent had converted funds by forging her signature. A second complaint was filed in October 1994 by different former clients who also alleged conversion of funds. Yet a third complaint was filed with the Committee by an attorney in March 1995 based on respondent's failure to satisfy an outstanding judgment against him for nonpayment of rent. In addition to serving respondent with notice of all the complaints against him, the Committee advised respondent in writing of the need to cure his lapsed attorney's registration with the Office of Court Administration, which was current only through the 1990-1991 period.

From December 1992 through October 1995 the Committee's investigators made substantial efforts at locating respondent. Through various means, the Committee identified two addresses where respondent still receives mail, one in Staten Island and one in Flushing, Queens. Some written communications to respondent have been returned "Moved, Left No Address", some returned "unclaimed" and others, having not been returned, were presumably received. In June, August and September 1995 various efforts were made to subpoena respondent to appear before the Committee, with a final attempt made in November 1995. This last attempt included, *inter alia*, the taping of a Committee subpoena to the front door of respondent's home address, which was confirmed through the United States Postal Service as a location where respondent received mail. Again respondent failed to appear before the Committee.

As a result of respondent's alleged misconduct and his demonstrated failure to answer the complaints against him, the Committee maintains that he should be suspended from the practice of law for noncooperation with the Committee's investigation pursuant to 22 NYCRR 603.4 (e) (1) (i). The Committee's motion was delivered by hand, by first class mail, and

by certified mail to respondent's Flushing and Staten Island addresses. The Committee's notice of motion to suspend specifically states pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice. To date, respondent has not interposed a response to this motion.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding".

Respondent's failure to cooperate with the Committee is thoroughly documented and undisputed. We presume that respondent has received the notice of the complaints sent to the Staten Island and Flushing, Queens, addresses where it has been confirmed that he receives mail. He has neither answered the complaints nor contacted the Committee in any manner. Moreover, respondent has not appeared at the Committee for a deposition despite being subpoenaed four times since June 1995. Adding to his failure to cooperate with the Committee in its investigation, respondent has now defaulted on this motion by the Committee seeking his suspension. Finally, we note that respondent's failure to keep his registration with the Office of Court Administration current and to pay his biennial registration fee independently subjects him to discipline. In short, respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also*, *Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31.)

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is hereby suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

KUPFERMAN, J. P., Ross, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.