[707 NYS2d 458]

In the Matter of ANTHONY C. NWAKA (Admitted as ANTHONY CHUKS NWAKA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 25, 2000

**APPEARANCES OF COUNSEL**

*Judith N. Stein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Anthony C. Nwaka, was admitted to the practice of law in the State of New York by the Third Judicial Depart-

ment on January 22, 1992, as Anthony Chuks Nwaka. Respondent had maintained an office for the practice of law in the First Judicial Department until 1996, at which time he closed his office and moved to New Jersey, where he is also licensed to practice law.

On March 18, 1999, Justice Emily Jane Goodman of the Supreme Court, New York County, notified the Departmental Disciplinary Committee that respondent had abandoned his client, Vera Ashman, the plaintiff in a personal injury action, which resulted in a motion to dismiss the case. According to the defendant's attorney, respondent had violated conditional orders of preclusion and failed to appear for a scheduled compliance conference.

By letter dated May 11, 1999, the Committee sent Justice Goodman's letter and attachments to respondent's New Jersey address, with the warning that a failure to respond within 20 days could subject him to disciplinary action. No answer was forthcoming. Accordingly, on October 26, 1999, the Committee sent respondent a subpoena requiring him to appear at its offices on November 17, 1999 with a response to the complaint.

Although he appeared for his deposition, he did not serve or file an answer to the complaint. Respondent was asked to furnish to the Committee by December 1, 1999: (1) proof of payment of outstanding registration fees and current registration in New York; (2) an answer to the complaint; (3) a list of the attorneys to whom he had allegedly transferred his pending New York cases when he relocated; (4) Ms. Ashman's file; and (5) proof that her case had been transferred to another attorney and that Justice Goodman and opposing counsel had been so notified. Respondent failed to produce these documents by December 1, nor has he contacted the Committee since then, despite the Committee's February 10, 2000 letter informing him that his noncompliance could result in the filing of a motion to suspend him from the practice of law.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and Judiciary Law § 468-a, immediately suspending respondent from the practice of law until further order of this Court, based upon his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct, as well as his failure to register with the Office of Court Administration and pay his biennial registration fees. Failure to comply with the registration requirements

of section 468-a is professional misconduct warranting discipline (*see*, *Matter of Horoshko*, 218 AD2d 339, 341). Moreover, suspension is appropriate in the event of lack of cooperation with the Committee's investigation (22 NYCRR 603.4 [e] [1] [i]).

Accordingly, the Committee's motion should be granted and respondent should be suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ROSENBERGER, J. P., WILLIAMS, MAZZARELLI, RUBIN and FRIEDMAN, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.