[750 NYS2d 64]

In the Matter of MICHAEL P. BACH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 21, 2002

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael P. Bach was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1985, and at all times relevant to this proceed-

ing has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee now seeks an order immediately suspending respondent from the practice of law based upon his willful failure to cooperate with the Committee in its investigation into allegations of professional misconduct on his part (22 NYCRR 603.4 [e] [1] [i]) and delinquency in his biennial registration with the Office of Court Administration (Judiciary Law § 468-a).

In January 2001, Violet C. Eldridge, the president of United Tribes of the Americas, Inc., a not-for-profit organization that raises money for Native Americans, filed a complaint against respondent alleging that in April 2000 she engaged him to broker high-yield investments for people who agreed to donate a percentage of their investment earnings to the organization and that in June 2000 she transferred unrelated investor funds of approximately $4.7 million into respondent's escrow account pending distribution pursuant to her instructions. In response to Eldridge's request, respondent submitted an accounting that reflected that, in addition to the distributions he had made between June and September 2000 at her direction, he took $50,000 as his fee, leaving a balance of approximately $15,000 in the account. Eldridge alleged that she had not agreed to the fee and that respondent refused to release the remaining funds.

Respondent appeared initially to cooperate with the Committee's investigation begun in January 2001 by submitting an answer to Eldridge's complaint and some of the bookkeeping records that the Committee had requested for the escrow account. In response to a request for the outstanding escrow records, respondent advised that he would forward them upon receipt from the bank. He appeared for a scheduled deposition in April 2001, following which he sent some of the documents the Committee requested at the deposition. However, respondent never produced the balance of the missing documentation or the bank records and, beginning in October 2001, he stopped returning the Committee's telephone calls. In December 2001, he was located in Florida by an investigator for the Committee and promised to call when he returned to New York, but he did not call, and until July 2002, when the investigator located respondent again, the Committee's further efforts to reach him by telephone and mail were unsuccessful. Finally, in August 2002, respondent agreed to accept service of a court-ordered subpoena commanding his appearance at the Committee's office on August 28. However, respondent informed the Commit-

tee on August 27 by fax that he would be unable to appear and indeed did not appear. He also promised to call the Committee on September 6 and never called.

Records of the Office of Court Administration reflect that the last period for which respondent filed a biennial registration statement was 1991-1992. Failure to comply with the registration requirements of Judiciary Law § 468-a is professional misconduct warranting discipline (*Matter of Nwaka*, 271 AD2d 162, 163-164).

Respondent's failure to comply with the demands of the Committee and his defiance of a court-ordered subpoena subject him to suspension from the practice of law, pending consideration of the charges against him (22 NYCRR 603.4 [e] [1] [i]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

NARDELLI, J.P., MAZZARELLI, SULLIVAN, ELLERIN and RUBIN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until such time as pending disciplinary matters have been concluded and until further order of this Court.