[771 NYS2d 519]

In the Matter of KARENE A. FREEMAN (Admitted as KARENE ANN FREEMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 10, 2004

---

### APPEARANCES OF COUNSEL

*Thomas J. Cahill (Judith N. Stein* of counsel), for petitioner. No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Karene Ann Freeman was admitted to the practice of law in New York State by the Appellate Division, First Judicial Department, on May 16, 1977. At the relevant times, she maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and Judiciary Law § 468-a, immediately suspending respondent from the practice of law until further order of this Court due to her willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct, as well as her failure to register with the Office of Court Administration and to pay the required registration fee.

An investigation into respondent's professional conduct was opened in March 2002, based upon a complaint received from a former client. The client alleged that respondent had represented him in a custody matter and had failed to appear for the first day of trial. A trial was held, at the conclusion of which the court found against the client. It is further alleged that the client asked respondent to pursue an appeal and that she failed to do so. In September 2002, respondent filed a response with the Committee in which she set forth her position at length. In October 2002, the client submitted a reply.

In January 2003, the Committee served a subpoena on respondent requiring her to appear for deposition on February 26, 2003. The deposition was adjourned from time to time, with the last date being set for July 16, 2003. Respondent failed to appear for her deposition on that date, and a letter was immediately transmitted to her by facsimile, indicating that disciplinary action would be commenced unless she contacted the Committee within two days. She did not respond. A staff investigator of the Departmental Disciplinary Committee thereafter attempted to contact respondent. In an affidavit dated August 11, 2003, the investigator detailed his efforts; these included examining motor vehicle records and telephone company records to verify respondent's telephone number, leaving numerous telephone messages asking respondent to contact him and attempting to contact respondent directly by visiting her listed address, where a sign indicated respondent's occupancy. There was no response. Further, the records of the Office of Court Administration indicate that respondent has not registered as required by Judiciary Law § 468-a, nor has she paid the registration fee required by that section. Respondent was served with the Committee's instant motion and supporting papers both by regular mail and by certified mail, return receipt requested. The return date of the motion was more than one month after the date of service. Respondent has not appeared in this proceeding.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Further, this Court has held that an attorney's failure to register or reregister and pay the required registration fee is professional misconduct warranting discipline (see Matter of Horoshko, 218 AD2d 339 [1996]).

The Committee has established respondent's willful failure to cooperate with its investigation as well as her failure to register with the Office of Court Administration and pay the prescribed fee as required by statute.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

NARDELLI, J.P., SAXE, ROSENBERGER, WILLIAMS and FRIEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date

hereof, and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.