[788 NYS2d 1]

In the Matter of Larry Johnson, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 9, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Larry Johnson was admitted to the practice of

law in the State of New York by the Third Judicial Department on October 30, 2001. At all times relevant to this proceeding, respondent has maintained an office for the practice of law in the First Judicial Department.

On or about March 15, 2003, a former client filed a complaint with the Departmental Disciplinary Committee alleging that he retained respondent in October 2002 to pursue a personal injury claim and since that time he has been unsuccessful in repeated efforts to contact respondent by writing and phoning him at his office and home.

On or about May 23, 2003, the Committee sent a copy of the complaint to respondent's office requesting a response within 20 days, but no answer was received. On July 1, 2003, the Committee sent respondent an additional copy of the complaint via certified mail requesting a response within 10 days and advising him that if he failed to respond, he would be exposed to formal charges of professional misconduct. On July 3, 2003, the first class letter was returned to the Committee with someone having written on it "Return to Sender Not Here Any Longer." On August 12, 2003, the Committee sent a certified letter to respondent's home address informing him that a failure to respond in 10 days would result in an application to this Court. That letter was never returned and respondent did not contact the Committee.

In October and December 2003, the Committee searched public records and the Office of Court Administration records discovering an address for respondent's mother and that he was late in submitting his attorney registration. Around that time, a Committee staff attorney spoke with respondent's mother and advised her of the urgent need to speak to her son but no contact followed.

The Committee made further efforts to contact respondent on April 9, 2004, by sending both certified and first class letters to his home and to his mother's home, and on May 18, 2004, by personal service at respondent's home of a subpoena duces tecum issued by this Court commanding his personal appearance on June 1, 2004. The certified letters were returned unclaimed, the first class letters were never returned, and respondent failed to appear on June 1, 2004 or to ever contact the Committee.

The Committee also states that the records of the Office of Court Administration show that respondent is delinquent in the payment of his registration fees which were due in August 2003.

In light of the foregoing, the Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court, based upon his failure to cooperate with the Committee in its investigation of professional misconduct. Despite personal service upon respondent of this motion to suspend, he has not submitted a response or contacted the Committee.

Respondent's conduct in failing to heed any of the process served in this matter demonstrates his noncooperation and interference with the Committee's investigation and warrants his immediate suspension (*see Matter of Freeman*, 4 AD3d 1 [2004]). Respondent's failure to keep his registration current or to pay his biennial registration fee is a violation of Judiciary Law § 468-a and also warrants discipline (Judiciary Law § 468-a [5]; *see Matter of Horoshko*, 218 AD2d 339, 341 [1996]).

Accordingly, the Committee's petition pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law, effective immediately and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

TOM, J.P., WILLIAMS, FRIEDMAN, MARLOW and SWEENY, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.