[802 NYS2d 12]

In the Matter of LARRY JOHNSON, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 22, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Larry Johnson was admitted to the practice of law in the State of New York by the Third Judicial Department on October 30, 2001. At all times relevant to this proceeding respondent has maintained an office for the practice of law in the First Judicial Department.

By order entered November 9, 2004 (12 AD3d 62 [2004]), this Court suspended respondent from the practice of law on an interim basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), based on his failure to cooperate with the Departmental Disciplinary Committee in its investigation of allegations of professional misconduct against him. Specifically, respondent failed to communicate with the Committee regarding a complaint from a client that respondent failed to provide him with information concerning his personal injury claim.

The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g), on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the order of suspension. In addition, the Committee advises that respondent has not filed with the Court or served upon the Committee an affidavit of compliance as mandated by 22 NYCRR 603.13 (f).

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (see Matter of Freeman, 14 AD3d 210 [2005]), and respondent's name stricken from the roll of attorneys in the State of New York.

Tom, J.P., Friedman, Marlow, Williams and Sweeny, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.