[811 NYS2d 353]

In the Matter of JOSEPH J. PIERINI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 2006

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Angela Christmas* of counsel).

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1976. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

By order entered June 21, 2005, this Court suspended respondent from the practice of law on an interim basis, pursuant to Rules of this Court (22 NYCRR) § 603.4 (e) (1) (i), based upon his failure to cooperate with the Departmental Disciplinary Committee's investigation into allegations of professional misconduct against him, and his failure to register with the Office of Court Administration, and pay his biennial registration fee, and failure to notify the Office of Court Administration of changes to his business address and telephone number (Judiciary Law § 468-a; *Matter of Pierini*, 21 AD3d 42 [2005]). Specifically, the Committee presented evidence that respondent neglected two client matters, failed to communicate with those clients, and abandoned his law practice. Notably, respondent failed to respond to the interim suspension motion despite being served.

On June 23, 2005, this Court's June 21, 2005 order of suspension was sent to respondent by first class mail at his last known address.

By notice of motion dated January 6, 2006, the Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g), on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and Judiciary Law § 468-a, and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the suspension date, which was June 21, 2005.

22 NYCRR 603.4 (g) provides, in pertinent part, that where an application for suspension pursuant to section 603.4 (e) (1) states that an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the

order of suspension may be disbarred, and the respondent does not appear or apply in writing for a hearing or reinstatement within such time, he may be disbarred without further notice.

Although respondent was served with the instant motion by first class and certified mail at his last known home address, he has not submitted a response.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*Matter of Johnson*, 22 AD3d 106 [2005]), and respondent's name stricken from the roll of attorneys in the State of New York.

ANDRIAS, J.P., FRIEDMAN, MARLOW, NARDELLI and WILLIAMS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.