[822 NYS2d 511]

In the Matter of LINDA J. STANCH (Admitted as LINDA JOAN STANCH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 17, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City, for petitioner.

No appearance by respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Linda J. Stanch was admitted to the practice of law in the State of New York by the First Judicial Department on January 17, 1983, under the name Linda Joan Stanch. At all times relevant to the underlying acts of misconduct, she maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) opened an investigation into respondent's conduct when it received a complaint, dated April 13, 2004, from client No. 1. This individual alleged that respondent had neglected, abandoned, and misstated the status of a bankruptcy matter for which she had been retained in August 2003. The Committee then received a second complaint about the respondent from client No. 2, dated August 3, 2004. In this complaint it was alleged that respondent had been retained in February 2004 to represent the client in a wrongful termination case, and that respondent had neglected the matter. About a month later, on September 1, 2004, a third client filed a complaint against the respondent, alleging that she had neglected and abandoned her duties, and failed to return documents to him, in the course of representing him in a discrimination case against his employer. A fourth complaint against respondent, dated October 24, 2004, was filed with the Committee. Client No. 4 asserted that she retained respondent in or around May 2003 to handle an employment discrimination dispute, but that respondent neglected and abandoned the matter. A fifth complaint, dated September 1, 2005, was filed by another individual. Client No. 5 alleged that she retained the respondent in 2004 to handle an employment discrimination case, but that respondent neglected and abandoned her case. A sixth complaint was filed against respondent on October 11, 2005. Client No. 6 alleged that he had retained respondent in October 2003 to handle a civil litigation matter, but that she had neglected his case.

Respondent's interactions with the Committee are as follows. From May through November 2004, respondent failed to timely answer the first three complaints. In December 2004, the Committee first made phone contact with respondent. The Committee agreed to extend the deadline for answers to those matters. It also forwarded respondent a copy of the fourth complaint

requesting an answer within 20 days. Respondent made no contact, either by phone or in writing, in response.

Six months later, in June 2005, a Committee investigator reached respondent on her cell phone and obtained her consent to being served with a subpoena by mail. The Committee mailed the subpoena to a new Manhattan address, which was provided by respondent, requesting that she provide the Committee with answers to the four outstanding complaints, and her complete files for the those clients by June 21, 2005.

On June 21, 2005, respondent did not appear before the Committee. In addition, she did not answer any of the four complaints, provide the requested files, or otherwise contact the Committee. Respondent was nonetheless given an extension to June 28, 2005 to provide the requested materials. Again, she did not appear and she did not contact the Committee.

The Committee next received the fifth and sixth complaints. It forwarded them to respondent on October 26, 2005, requesting answers. Respondent did not answer, and the Committee's letters were not returned as undeliverable. Between June 2005 and March 2006, the Committee left numerous telephone messages for respondent, requesting that she contact them, to no avail. Then, in March 2006, after an extensive search, the Committee learned that respondent had moved out of the state.

On March 6, 2006, a Committee staff member reached respondent by phone. She indicated a desire to cooperate, but said that she would not return to New York because she was the victim of "stalking and harassment by an ex-boyfriend" whom she feared could still harm her. She stated that her failure to cooperate was due, in part, to these personal issues, and that she would explain her actions in written answers to the pending complaints. Pursuant to her request, on March 6, 2006, the Committee sent respondent additional copies of all six complaints. She did not submit any response.

By letter dated April 1, 2006, respondent acknowledged receipt of all of the complaints, and requested an additional 30 days to respond to each complaint with the necessary documentation. Respondent explained that her delay in responding was caused by her ordeal as a victim of stalking and harassment. She also stated that because of her situation, she was forced to move, but asked that her contact information remain confidential. She also informed the Committee that she was in treatment for depression and anxiety, that she believed the complaints against her would be found unsubstantiated, and

that any mistakes she may have made were the result of inexperience in solo private practice. In addition, respondent informed the Committee that some of the relevant files were destroyed by her ex-boyfriend, or lost during her various moves from her Manhattan office.

On April 2, 2006, the Committee consented to extend her time to submit answers to May 1, 2006. Respondent did not comply, and she did not contact the Committee. From May through August 2006, the Committee left numerous messages on respondent's home and mobile phones. She has not returned any of the calls.

The Committee now seeks an order immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) on the basis of her noncooperation with their investigation. The Committee contends that every effort has been made to accommodate respondent, yet she has evaded and thwarted the Committee's investigation by failing to submit answers to six complaints and produce relevant files and documents as promised.

The Committee has presented clear evidence of respondent's professional misconduct which immediately threatens the public interest, that is, conduct proscribed by 22 NYCRR 603.4 (e) (1) (i): "default in responding to the petition or notice, or . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (*see Matter of Spiegler*, 33 AD3d 187 [2006]; *Matter of Murawinski*, 30 AD3d 129 [2006]). While respondent was allegedly being stalked during the time period relevant to the complaints, her last contact with the Committee reveals that she is now able to address the complaints, but has not done so. In addition, according to Office of Court Administration (OCA) records, respondent did not reregister in November 2005 as required, and she has defaulted on this motion seeking her immediate suspension.

Accordingly, the Committee's motion to suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

MAZZARELLI, J.P., SWEENY, CATTERSON, MCGUIRE and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.