[842 NYS2d 428]

In the Matter of LINDA J. STANCH (Admitted as LINDA JOAN STANCH), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 27, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Linda J. Stanch*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Linda J. Stanch was admitted to the practice of law in the State of New York by the First Judicial Department on January 17, 1983, under the name Linda Joan Stanch. At all times relevant to the underlying acts of misconduct, she maintained an office for the practice of law within the First Judicial Department.

By order entered October 17, 2006 (35 AD3d 18 [2006]), this Court suspended respondent from the practice of law on an interim basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), based on her failure to cooperate with the Departmental Disciplinary Committee in its investigation of allegations of professional misconduct against her. In our order suspending respondent, we found that despite the Committee's efforts to accommodate her by giving her additional copies of complaints made against her, and by extending a deadline for her submission of answers, respondent failed to submit answers or provide requested files for six complaints involving, among other things, neglect and abandonment of cases.

The Committee now seeks an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g), on the ground that she has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the order of suspension. Pursuant to respondent's application, this motion was adjourned for 30 days, based upon her allegation that she could respond to some of the complaints made against her. However, the respondent did not submit any information pertaining to the merits of this motion. Respondent also seeks assignment of pro bono counsel, which is not usually granted in disciplinary proceedings. In any event, respondent has not established that she qualifies for poor person relief.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*see Matter of Johnson*, 22 AD3d 106 [2005]), and respondent's name stricken from the roll of attorneys in the State of New York, effective immediately.

MAZZARELLI, J.P., SWEENY, CATTERSON, McGUIRE and MALONE, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.