[847 NYS2d 25]

In the Matter of MORGAN KENNEDY (Admitted as MORGAN KENNEDY III), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Morgan Kennedy III was admitted to the practice of law in the State of New York by the First Judicial Department on February 22, 1977. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee began an investigation into respondent's conduct in September 2006. The inquiry was precipitated by a complaint from Gary Greenwald, a former client, who alleged that despite several written requests for a copy of his file, nothing had been received from respondent. In an unsigned answer to the complaint, respondent attributed the problem to having no one to pick up the transcript and other papers in New York City for Mr. Greenwald, who was then incarcerated. In March 2007, the Committee sent respondent a letter, enclosing his answer, to request that he sign it. Respondent did not respond to this letter. In reply to respondent's answer, Mr. Greenwald explained that he had offered to pay any reproduction and postage costs required for the file's delivery, but that respondent had not complied with his request.

Following respondent's failure to reply to the Committee's letter, a Committee investigator contacted the Postal Service, which confirmed that respondent was receiving mail at an apartment at 340 W. 28th Street, the business address respondent had listed with the Office of Court Administration (OCA). A second letter, mailed to this address, advising that the Committee was attempting to contact respondent, was not returned. Nor did a personal visit by an investigator, who noted that the building directory did not indicate that the apartment was a law office, elicit any response.

In June 2007, an investigator attempted personal service of a subpoena duces tecum directing respondent to appear for a July deposition with the subject client file. Following three attempts at personal service at respondent's apartment, service was effected pursuant to CPLR 308 (4). Respondent neither appeared for the scheduled deposition nor contacted the Committee, which then notified him that his continued failure to cooperate would likely result in his suspension and requested that he contact the Committee within seven days. The first class mailing was not returned, the certified mailing was returned marked "unclaimed," and respondent did not contact the Committee.

The Committee now seeks respondent's immediate suspension for his lack of cooperation with the Committee's investigation pursuant to 22 NYCRR 603.4 (e) (1) (i). The Committee notes that despite numerous attempts to communicate with respondent, he has failed to appear in response to a court-ordered subpoena, thereby demonstrating a shocking disregard of the judicial system. In further support of the motion, the Committee refers to OCA records indicating that respondent is in violation of Judiciary Law § 468-a for failing to file the 2006-2007 biennial registration statement and pay the prescribed fee.

Respondent's failure to cooperate with the Committee constitutes professional misconduct that threatens the public interest and warrants his immediate suspension (*Matter of Stanch*, 35 AD3d 18 [2006]; *Matter of Spiegler*, 33 AD3d 187 [2006]). In addition, this Court has held that failure to register, including payment of the biennial registration fee, also constitutes professional misconduct warranting disciplinary action (*Matter of Pierini*, 21 AD3d 42 [2005]). Respondent's well-documented failure to communicate with the Committee demonstrates wilful noncompliance with its investigation warranting his immediate suspension from the practice of law.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately and until the further order of this Court.

TOM, J.P., BUCKLEY, GONZALEZ, SWEENY and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.