[21 NYS3d 37]

In the Matter of WILLIAM ANTWI, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, December 1, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Melendez* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent William Antwi was admitted to the practice of law in the State of New York by the First Judicial Department on March 3, 2003.

By motion dated September 3, 2015, the Departmental Disciplinary Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court based on his failure to cooperate with the Committee's investigation of a complaint that alleged he neglected an immigration matter.

The Committee served respondent with its motion by mailing it to his last known address in Queens, New York, and to an address in Ghana provided by his niece by certified and first-class mail. Respondent has not responded to the motion.

The facts underlying the Committee's motion are as follows:

A complaint filed by a client alleged, inter alia, that she retained respondent to represent her after she was placed in deportation proceedings. Respondent was supposed to file an I-360 self-petition under the Violence Against Women Act on her behalf. The petition was denied after respondent failed to respond to a request for evidence in support of the petition. The client further alleged that respondent failed to inform her that the petition was denied, a fact she only discovered after she retained the services of the Catholic Migration Office (CMO), an accredited organization authorized to provide representation in immigration matters. The client had retained CMO because respondent had vacated his law office and failed to respond to her repeated inquiries.

By letter dated October 15, 2013, and mailed to respondent's business address, the Committee requested that respondent answer the complaint. The letter was returned by the U.S. Postal Service as undeliverable.

On November 25, 2013, an individual telephoned the Committee in response to a voice message committee staff personnel left for respondent on a cell phone number listed on the complaint. The individual advised that respondent was hospitalized in Ghana, and that he did not know when respondent would return to the United States. The individual also

stated that he did not have any contact information for respondent. Committee staff sent several letters to a home address for respondent found by a committee investigator that were either returned as having an incorrect apartment number or because no one would sign for them.

On July 10, 2014, a committee investigator spoke with respondent at a New York telephone number with a 718 area code, and informed him that the Committee intended to serve him with a judicial subpoena that required him to appear for an examination under oath on July 22, 2014. Respondent was also advised he was to produce his client file at that deposition. During this conversation, respondent confirmed that the address that the Committee sent the aforesaid letters to, including the apartment number, were correct. Respondent advised the investigator that he was ill and that he planned to obtain medical treatment in Ghana but did not specify when he planned on obtaining such treatment. Respondent agreed to accept service of the judicial subpoena by mail, which was sent on July 10, 2014 by certified mail, return receipt requested, to the address confirmed by respondent during the telephone conversation. It was ultimately returned to the Committee as unclaimed. Respondent failed to appear for his deposition scheduled on July 22, 2014.

On September 23, 2014, the Committee's chief investigator obtained a telephone number for respondent in Ghana and spoke directly with him. Respondent stated he was being treated for a bone related ailment and that unless his health improved, he had no intention of returning to the United States. When asked if he would consider resigning from the New York bar, respondent replied that he would not. The next day, the investigator received a text message from respondent's niece that provided respondent's mailing address in Ghana.

By letter dated October 14, 2014, which was mailed to respondent at his Ghana address, the Committee again requested that he answer the complaint. The letter also advised respondent that his unexcused failure to respond could result in disciplinary action. No response was received.

In February 2015, committee investigators repeatedly called both the domestic and Ghana phone numbers and left messages for respondent to contact the Committee, all without response. The calls were followed up by a letter dated March 4, 2015, mailed to both respondent's New York and Ghana addresses, advising respondent that his "continued failure to

respond may *adversely* impact your license to practice law." This was followed up by further voice messages and letters in June 2015, requesting updates on respondent's medical condition. Once again, no response was received.

The record before us sufficiently establishes that respondent has willfully failed to cooperate with the Committee's investigation, warranting his suspension under 22 NYCRR 603.4 (e) (1) (i). This lack of cooperation is demonstrated by, among other things, failing to answer the client complaint and failing to appear for a deposition, as required by subpoena (*see e.g. Matter of Snorteland*, 120 AD3d 14 [1st Dept 2014]; *Matter of Bruzdziak*, 102 AD3d 193 [1st Dept 2012]; *Matter of Maruggi*, 87 AD3d 201 [1st Dept 2011]).

Significantly, despite the Committee's numerous letters and telephone messages, respondent has failed to provide any proof to the Committee concerning his alleged medical condition, or that such condition might have impacted his ability to cooperate in the investigation.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until such time as disciplinary matters pending before the Committee has been concluded, and until further order of this Court.

FRIEDMAN, J.P., SWEENY, RENWICK, SAXE and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.