[46 NYS3d 791]

In the Matter of PAUL H. JONES, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 16, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Jun H. Lee* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Paul H. Jones was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered November 20, 2013, effective that date, this Court suspended respondent from the practice of law, as part of a mass suspension, pursuant to Judiciary Law §§ 90 (2) and 468-a, for failure to maintain his attorney registration.

By order entered April 12, 2016, this Court suspended respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) on additional grounds, based upon his failure to cooperate with the Departmental Disciplinary Committee's (Committee) investigation of a client complaint alleging that he had failed to provide competent legal services and had mistreated her (139 AD3d 107 [1st Dept 2016]).

The Committee's motion to suspend respondent for failure to cooperate with the Committee's investigation of a client complaint was served on respondent via first-class mail and certified mail, return receipt requested, and included a notice stating that "an attorney who is suspended and who has not appeared or applied to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice." On April 15, 2016, the Committee served notice of entry of this Court's suspension order on respondent via first-class mail and certified mail, return receipt requested, and received a signed receipt with an indecipherable signature.

The Committee now moves to disbar respondent pursuant to 22 NYCRR 1240.9 (b), on the ground that he has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension. Respondent was served with the instant motion to disbar by first-class mail and certified mail, return receipt

requested, and has not submitted a response. As respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from this Court's April 12, 2016 order of suspension, he should be disbarred (*see Matter of McCann*, 143 AD3d 98 [1st Dept 2016]).

Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9 (b) should be granted and his name stricken from the roll of attorneys in the State of New York, effective immediately.

FRIEDMAN, J.P., SWEENY, RENWICK, SAXE and GISCHE, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.