[60 NYS3d 683]

In the Matter of BRIAN KING, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance by respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Brian King was admitted to the practice of law in the State of New York by the Second Judicial Department on May 25, 2011. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated June 14, 2016, the Departmental Disciplinary Committee (now the Attorney Grievance Committee) (the Committee) sought respondent's immediate suspension from the practice of law pursuant to former 22 NYCRR 603.4 (e) (1) (i),[1] based upon his willful failure to comply with a lawful demand of the Committee made in connection with its investigation of alleged professional misconduct. Specifically, the Committee served respondent with a judicial subpoena duces tecum on May 12, 2016, seeking copies of records pertaining to a bank account and his bookkeeping. Respondent never complied with the subpoena. The Committee began its investigation into respondent when it received notice of three separate acts of contempt and/or contumacious courtroom behavior allegedly committed by respondent. Hence, the Committee commenced four sua sponte investigations including one involving his bank and bookkeeping records.

The Committee's previous notice of motion seeking respondent's interim suspension contained the following language:

"PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g),[2] an attorney who is suspended under 603.4 (e) (1) and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent opposed the interim suspension motion arguing, among other things, that he was improperly served with the subpoena, and defending himself against the allegations of misconduct before the three judges, none of which were before the Court on the interim suspension motion.

---

**1.** Former 22 NYCRR 603.4 (e) (1) (i) is now Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3).

**2.** Pursuant to the new rules that went into effect October 1, 2016, former 22 NYCRR 603.4 (g) is now 22 NYCRR 1240.9 (b).

By order entered November 3, 2016, this Court granted the Committee's motion and suspended respondent from the practice of law, effective immediately, and until further order of the Court (2016 NY Slip Op 90426[U] [1st Dept 2016]).

On November 4, 2016, the Committee served respondent with a notice of entry enclosing a copy of this Court's order of suspension. The notice of entry was served on respondent's law firm (KFIRM LLP) and the law office representing him on the interim suspension motion (Eiseman Law, PC) by first-class mail and certified mail return receipt requested.

Now, by notice of motion dated June 14, 2017, the Committee seeks an order disbarring respondent on the ground that he was suspended under former 22 NYCRR 603.4 (e) (1) (i) (now 22 NYCRR 1240.9 [a] [3]) and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension [and] may be disbarred by the Court without further notice" (22 NYCRR 1240.9 [b], formerly 22 NYCRR 603.4 [g]).

Respondent was served with this motion by first-class mail and certified mail return receipt requested at his law firm and the law office that represented him on the interim suspension motion but no response has been filed with the Court.

Accordingly, inasmuch as more than six months have elapsed since this Court's November 3, 2016 suspension order, and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9 (b) should be granted and his name stricken from the roll of attorneys in the State of New York (*Matter of Jones,* 148 AD3d 113 [1st Dept 2017]; *Matter of Odikpo,* 147 AD3d 48 [1st Dept 2016]; *Matter of Durove,* 144 AD3d 4 [1st Dept 2016]; *Matter of Johnson,* 22 AD3d 106 [1st Dept 2005]).

MOSKOWITZ, J.P., GISCHE, KAPNICK, GESMER and SINGH, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.