Matter of Antwi (2017 NY Slip Op 09251)





Matter of Antwi


2017 NY Slip Op 09251


Decided on December 28, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 28, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
John W. Sweeny, Jr.
Dianne T. Renwick
Judith J. Gische
Anil C. Singh, Justices.


&em;

[*1]In the Matter of William Antwi, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, William Antwi, (OCA Atty. Reg. No. 4125068) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William Antwi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 3, 2003.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Melendez, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent William Antwi was admitted to the practice of law in the State of New York by the First Judicial Department on March 3, 2003. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
By order entered December 1, 2015, this Court issued an order pursuant to 22 NYCRR 603.4(e)(1)(i) (now Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9[a][3]) immediately suspending respondent from the practice of law based upon his lack of cooperation [*2]with the formerly named Disciplinary Committee's investigation of professional misconduct which threatens the public interest (135 AD3d 185 [1st Dept 2015]). Specifically, we found that respondent's lack of cooperation had been demonstrated by, among other things, his failure to answer the client complaint and appear for a deposition as required by subpoena. Moreover, we noted that, despite the Committee's numerous letters and telephone messages, as well as telephone conversations with respondent in July and September 2014, he had not provided any proof to the Committee concerning his alleged medical condition (a bone related ailment) or that such condition might have impacted his ability to cooperate in the investigation. Additionally, respondent is delinquent for biennial registration for the periods 2011/12 through 2017/2018. A copy of our order with notice of entry was served upon respondent on December 4, 2015 by first class mail and certified mail, return receipt requested to his last known address in New York and by first class mail and international registered mail to his address in Ghana.
The Attorney Grievance Committee now seeks an order disbarring respondent from the practice of law without further proceedings pursuant to 22 NYCRR 1240.9(b) on the ground that he has been suspended pursuant to former 22 NYCRR 603.4(e)(1)(i) (now 1240.9[a][3]) and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (22 NYCRR 1240.9[b]). Initial service of this motion upon respondent's New York address was returned by the postal service as undeliverable. It was subsequently determined that there was a typographical error in the address. Thereafter, the Committee properly re-served respondent at the correct address with a copy of this motion to disbar. He has failed to respond.
Given the fact that more than six months have elapsed since December 1, 2015, the date of this Court's order of suspension, and respondent has failed to respond or appear for further investigatory or disciplinary proceedings, the motion to disbar respondent pursuant to 22 NYCRR 1240.9(b) should be granted. Respondent's name is stricken from the roll of attorneys in the State of New York (Matter of Jones, 148 AD3d 113 [1st Dept 2017]; Matter of Odikpo, 147 AD3d 48 [1st Dept 2016]; Matter of Durove, 144 AD3d 4 [1st Dept 2016]; Matter of Johnson, 22 AD3d 106 [1st Dept 2005]).
All concur.
Order Filed. [December 28, 2017]
Friedman, J.P., Sweeny, Renwick, Gische, Singh, JJ.
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Opinion Per Curiam. All concur.