Matter of Spencer (2018 NY Slip Op 02585)





Matter of Spencer


2018 NY Slip Op 02585


Decided on April 17, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Rosalyn H. Richter
Peter Tom
Angela M. Mazzarelli
Barbara R. Kapnick,Justices.


M-453

[*1]In the Matter of Scott A. Spencer, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Scott A. Spencer, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Scott A. Spencer, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on October 28, 2009.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Scott A. Spencer was admitted to the practice of law in the State of New York by the Second Judicial Department on October 28, 2009. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
The Attorney Grievance Committee sought an order, pursuant to former 22 NYCRR 603.4(e)(1)(i) (now Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9[a][1] and [3]), immediately suspending respondent from the practice of law until further order of this Court [*2]based upon his failure to cooperate with the Committee's investigation into a complaint by respondent's former wife that alleged he failed to comply with directives of a final judgment of divorce issued by a Florida circuit court. The Committee advised that respondent refused to appear for a further examination under oath, as directed by judicial subpoena, and failed to provide a supplemental submission to which he had agreed. Respondent did not interpose a response to the motion.
By order entered February 21, 2017, this Court granted the Committee's motion and immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(1) and (3), and until further order of the Court.
On March 2, 2017, the Committee served respondent with a notice of entry enclosing a copy of this Court's order and decision of suspension. The notice of entry was served on respondent by first class mail, certified mail return receipt requested as well as by email to two email addresses. The Committee states that the notice of entry proved undeliverable through the law office email address, from which respondent had previously communicated with the Committee, and the postal addresses respondent had previously provided to OCA and to the Committee during his deposition, but was delivered via the other email address.
The Committee now moves for respondent's disbarment pursuant to 22 NYCRR 1240.9(b), on the grounds that he was suspended, pursuant to 22 NYCRR 1240.9(a)(1) and (3), by order of this Court entered February 21, 2017, and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension.
Respondent was served with this motion by all the avenues utilized by the Committee with respect to service of the notice of entry, as well as through an email address at Columbia University, which the Committee obtained from Columbia, in whose athletic program respondent interned during the pendency of the disciplinary matter. Notwithstanding proper service, respondent has not submitted a response to this motion.
Accordingly, inasmuch as more than six months have elapsed since February 21, 2017, the date of respondent's suspension, and he has neither responded to nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Hidalgo, 158 AD3d 1 [1st Dept 2018]; Matter of Antwi, 157 AD3d 55 [1st Dept 2017]; Matter of Shedrinsky, 152 AD3d 132 [1st Dept 2017]; Matter of Jones, 148 AD3d 113 [1st Dept 2017]; Matter of Johnson, 22 AD3d 106 [1st Dept 2005]).
All concur.
Order filed. [April 17, 2018]
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.