[748 NYS2d 749]

In the Matter of MARC S. LAWRENCE (Admitted as MARC SCOTT LAWRENCE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 24, 2002

### APPEARANCES OF COUNSEL

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Marc S. Lawrence was admitted to the practice of law in the State of New York as Marc Scott Lawrence on

February 6, 1995 and, although the Departmental Disciplinary Committee (the Committee) believes respondent no longer maintains an office for the practice of law within New York State, this Court has jurisdiction over this matter based upon his admission in this Department (22 NYCRR 603.1). Respondent is also admitted to the practice of law in the State of New Jersey, and is currently on that state's ineligible list of the Lawyers' Fund for Client Protection due to his failure to pay his dues since September 1997.

The Committee now moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of this Court, based upon his failure to cooperate with the Committee, as well as other uncontested evidence of professional misconduct which immediately threatens the public interest. Respondent has not appeared in this proceeding.

Initially, the Committee opened an investigation in March 2000 after receiving a complaint from Dr. Brian Stearn, in which he alleged that respondent had been retained to represent him in four separate actions and that he had failed to explain a court ruling which precluded the introduction of certain evidence in one case; did not return Dr. Stearn's papers in that same case; and failed to inform him of the status of the other cases despite numerous requests. The Committee, by letter dated May 11, 2000, notified respondent that it was referring the matter to the mediation panel of the Association of the Bar of the City of New York, which matter was returned to the Committee on August 4, 2000 due to respondent's failure to file an answer with the mediation panel.

The Committee, by letter dated October 11, 2000, thereafter requested an answer to Dr. Stearn's complaint within 20 days and, after receiving two extensions to file an answer, respondent informed the Committee that he and Dr. Stearn had resolved all the issues raised in the complaint. By letter dated March 14, 2001, Dr. Stearn confirmed the agreement between himself and respondent and in April 2001, the Committee notified respondent that its file would be closed based upon Dr. Stearn's decision to withdraw his complaint. Dr. Stearn subsequently advised the Committee, in August 2001, that respondent had not honored their agreement, nor returned his telephone calls or letters. The Committee, by letter dated October 10, 2001, informed respondent that it had reopened the Stearn complaint and requested a written response to questions in order to proceed with the investigation.

In the interim, the Committee received a complaint from Jefri Aalmuhammed on June 22, 2001, alleging that respondent had neglected his civil case. Aalmuhammed maintained that respondent had explained to him that his case was in abeyance pending a ruling on default motions he had filed, and that in April 2000, respondent had informed him that settlement negotiations were taking place. Aalmuhammed averred that beginning in May 2000, he began experiencing difficulty in contacting respondent and, after reviewing his court file in January 2001, he learned that his case had been dismissed with prejudice on July 10, 2000 for failure to prosecute.

The Committee, by letter dated July 23, 2001, requested respondent file a written response to Aalmuhammed's complaint within 20 days and on August 15, 2001, the Committee received a telephone call from an individual identifying herself as respondent's wife, who stated that respondent had been hospitalized a few days prior. Respondent subsequently failed to return telephone calls made by the Committee on September 7, 2001, October 12, 2001, and October 31, 2001.

The Committee received a third complaint concerning respondent on August 6, 2001 from Stacey Fish, in which she claimed that she and respondent were long-time friends, that respondent had volunteered to assist her in the sale and purchase of two apartments, and that respondent used her escrow money for his own personal reasons. On or about December 19, 2001, a Committee investigator subpoenaed respondent's bank records and discovered that on June 18, 2001 and June 27, 2001, his attorney escrow account was overdrawn and that a check in the amount of $88,876.63, written on June 13, 2001 on behalf of Fish to the seller was returned by the bank for insufficient funds. In September 2001, the Committee requested a response to the Fish complaint and on November 2, 2001, the Committee requested an answer within 20 days.

The Committee subsequently discovered that respondent had moved out of the office he listed with the Office of Court Administration (OCA) and an office listed with the Post Office for mail delivery, and that his home address was incorrect. On December 12, 2001, respondent informed the Committee that he had retained David Bergman, Esq. to represent him in this matter and a new deadline was set for all outstanding material. Mr. Bergman, however, informed the Committee on January 4, 2002 that he would not be representing respondent and that they should contact respondent on his cell phone.

The Committee thereafter attempted to locate respondent and has sent letters to both respondent's business and home addresses. The letters sent by certified mail have been returned to the Committee marked "unclaimed," yet none of the letters sent by first class mail have been returned. In addition, aside from a telephone conversation with Committee staff counsel on January 10, 2002, respondent has not contacted the Committee either by responding to the complaints filed against him or by complying with the subpoena. Respondent has also failed to notify OCA of the changes to his home and business addresses as required by Judiciary Law § 468-a (2), and has not paid his biennial registration dues for 2001-2002.

In our view, respondent's failure to answer the complaints, or to cooperate in any manner with the Committee's investigation of his neglect, "evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the investigation" (*Matter of Rennie*, 260 AD2d 132, 135). Moreover, respondent's total abandonment of and disregard for the interests of his clients, from whom he accepted fees, constitutes evidence of professional misconduct as well as a general disregard for the disciplinary process, warranting an immediate suspension (*Matter of Chan*, 240 AD2d 92).

Accordingly, respondent should be suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

NARDELLI, J.P., WALLACH, RUBIN, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as pending disciplinary matters have been concluded until further order of the Court.