[762 NYS2d 803]

In the Matter of BRUCE H. HEST (Admitted as BRUCE HEST), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 26, 2003

## APPEARANCES OF COUNSEL

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bruce H. Hest was admitted to the practice of law in the State of New York by the First Judicial Department on January 30, 1978. Respondent's current home and business addresses are in Florida. Therefore, jurisdiction is based upon his admission to this Department. Respondent was also admitted to practice in the states of Florida and Massachusetts.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law based upon his failure to cooperate with the Committee in its investigation and other uncontested evidence of professional misconduct which immediately threatens the public interest. To date, respondent has not appeared in this proceeding.

The Committee's motion is based on respondent's misappropriation of funds from his attorney escrow account in the State of Florida, which resulted in an emergency temporary suspension by the Florida Supreme Court. Thereafter, respondent filed with the Florida court a petition for disciplinary resignation for a period of five years. In the petition, respondent acknowledged that he was the subject of various past and present disciplinary matters including an investigation into whether he continued to practice law after the effective date of his emergency suspension by the Supreme Court of Florida. Finding that a disciplinary resignation "is tantamount to disbarment," the Supreme Court of Florida granted respondent's petition to resign.

Subsequently, the Massachusetts bar counsel filed a petition for reciprocal discipline based upon the Florida court's order which granted respondent's petition to resign. The Supreme Judicial Court for Suffolk County, accepted reciprocally respondent's resignation from the Florida bar and struck his name from the roll of attorneys in Massachusetts.

Respondent never notified this Court of the discipline imposed in Florida and Massachusetts as required by 22 NYCRR 603.3 (d). In addition, according to the records of the Office of Court Administration, respondent has not paid registration fees since 1991.

The Committee notified respondent that it was aware of the discipline imposed in Florida and would seek reciprocal discipline for the Florida matter as well as for his failure to pay registration fees since 1991, or respondent could voluntarily resign. Although respondent initially replied that he would

consider voluntary resignation, he has since engaged in dilatory tactics and has willfully failed to cooperate with the Committee's investigation.

Respondent's conduct evinces willful noncompliance with a Committee investigation warranting immediate suspension (*see* 22 NYCRR 603.4 [e] [1] [i]; *Matter of Singer*, 301 AD2d 336 [2002]; *Matter of Gordon*, 142 AD2d 135 [1988]). Furthermore, the uncontested evidence establishing respondent's misappropriation of client funds in Florida constitutes conduct that is an immediate threat to the public interest, further justifying respondent's immediate suspension from the practice of law (*see* 22 NYCRR 603.4 [e] [1] [iii]). Adding to his failure to cooperate, respondent has now defaulted on this motion by the Committee seeking his suspension. Finally, respondent's failure to keep his registration with the Office of Court Administration current and his failure to pay his biennial registration fee serve as an independent basis for discipline (*see Matter of Horoshko*, 218 AD2d 339, 341 [1996]). Based on the uncontested evidence in the record, the Court finds that respondent's conduct threatens the public interest and warrants a suspension.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) to suspend respondent from the practice of law should be granted, respondent suspended from the practice of law, effective immediately, until the conclusion of the pending disciplinary proceedings and until further order of this Court.

ANDRIAS, J.P., SAXE, LERNER, FRIEDMAN and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.