[764 NYS2d 694]

In the Matter of MARC S. LAWRENCE (Admitted as MARC SCOTT LAWRENCE), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 2003

**APPEARANCES OF COUNSEL**

*La Trisha A. Wilson* of counsel *(Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Marc S. Lawrence was admitted to the practice of law in the State of New York as Marc Scott Lawrence by the First Judicial Department on February 6, 1995 and, although the Departmental Disciplinary Committee believes respondent no longer maintains an office for the practice of law within New York State, this Court has jurisdiction over this matter, pursuant to 22 NYCRR 603.1, based upon his admission in this Department.

This Court, by order entered October 24, 2002 (*Matter of Lawrence*, 299 AD2d 101 [2002]), granted a prior application by the Committee and immediately suspended respondent from the practice of law until further order of the Court, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii). The order was based upon respondent's failure to cooperate with the Committee in its investigation of three complaints against him that were filed with the Committee alleging, inter alia, conversion of client funds and neglect of legal matters, as well as other uncontested evidence of professional misconduct which immediately threatened the public interest.

The Committee, in its previous application for immediate suspension, included the following notice:

> "PLEASE TAKE FURTHER NOTICE that pursuant to 22 N.Y.C.R.R. 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent, who failed to appear on the previous motion and on the present motion, has also neglected to appear or make a written application to the Court, or the Committee, for a hearing or reinstatement, despite being served with this motion and the fact that more than six months have elapsed since the date of this Court's order of suspension.

Accordingly, the Committee's motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

NARDELLI, J.P., ANDRIAS, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.