OPINION OF THE COURT
Per Curiam.
Respondent Christopher J. Schulze was admitted to the practice of law in the State of New York as Christopher Joel Schulze by the First Judicial Department on February 4, 1985 and, at all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department. Respondent has not appeared in this proceeding.
The Departmental Disciplinary Committee (the Committee) now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court, on the grounds of his failure to cooperate with the Committee’s investigation, as well as his failure to register with the Office of Court Administration and pay his biennial registration fee since May 5, 1999, in violation of Judiciary Law § 468-a, which conduct immediately threatens the public interest.
The Committee opened its investigation on March 9, 2002 after receiving a complaint alleging that respondent had neglected a personal injury case, which had been dismissed on April 2, 2001, and failed to communicate with the complainant regarding the status of the case. The Committee sent a letter to respondent’s home by first class mail on April 26, 2002 requesting an answer to the complaint within 20 days and, after receiving no response, sent a second letter, dated July 3, 2002, by certified and first class mail. The letters sent by first class mail were not returned and the certified letter was marked “unclaimed.”
*3 Respondent, after two telephone messages were left on his answering machine, telephoned the Committee’s investigator on July 31, 2002, informing him that he had not received the Committee’s letter. The investigator, on that same day, forwarded respondent, by facsimile transmission (fax), a copy of the complaint and a request for an answer on or before August 20, 2002. Respondent failed to meet that deadline and by letter dated September 18, 2002, which was sent by first class mail and fax, respondent was advised he had 10 days to submit a written answer. Respondent, two days after the second deadline had also passed, telephoned the investigator and informed him that he was in the State of Florida caring for his ill father. The investigator, on October 8, 2002, left a message on respondent’s home answering machine requesting that respondent call the Committee and, when no response was forthcoming, the investigator left two more messages on October 16, 2002 at respondent’s home as well as on his cell phone. Respondent failed to return any of the messages.
The Committee received a second complaint concerning respondent on September 6, 2002, alleging that respondent had neglected the complainant’s divorce action and failed to communicate with her regarding the status of the case, which had been commenced three years earlier. The Committee, by letter dated October 4, 2002, requested that respondent submit an answer to the complaint within 20 days and, when no response was received, the Committee sent a second letter by certified mail, dated November 22, 2002, requesting an answer within 10 days. The letter sent by first class mail was not returned, and the certified letter was returned marked “unclaimed.” The Committee never received a response from respondent concerning this complaint.
The Committee received another complaint on November 21, 2002, alleging that respondent had neglected a personal injury case. The complainant maintained that respondent told her that the case was going to trial, but since January 2002, he had failed to communicate with her as to the status of her case. Despite the Committee’s request for an answer to the complaint, respondent has failed to submit a response.
The Committee also received a complaint, dated August 26, 2002, in which it is alleged that respondent received a $750 retainer on April 25, 2001 to represent the complainant in a divorce action, but did nothing thereafter, even neglecting to serve papers. Respondent again failed to submit a written answer to this complaint despite two letters from the Committee requesting a response.
*4 The Committee thereafter received a letter, dated January 4, 2003, in which it is alleged that respondent neglected a medical malpractice action that had been commenced in 1993, misrepresented the status of the case, including that there had been negotiations with the hospital when none, in fact, had taken place, and fraudulently manufactured a settlement document indicating the case would be settled for $127,500. The complainants further asserted that when their new attorney confronted respondent, he offered to pay the settlement himself, although no payments were ever made. The Committee, by letter dated January 14, 2003, requested an answer to this complaint within 20 days and, although respondent never submitted a written answer, he subsequently acknowledged receiving the complaint.
Respondent finally contacted the Committee investigator on January 14, 2003 and left a message explaining that he was in the State of Florida because his mother was suffering from throat cancer, and that he would return to New York on January 20, 2003. Respondent was thereafter served with a subpoena, returnable February 5, 2003, requesting respondent’s personal appearance and written answers to the complaints. Respondent appeared at the Committee offices on the return date, but did not have written answers to the complaints and, when deposed, respondent admitted receiving all of the complaints except for the first one and promised to provide written answers to all of the complaints within 10 days.
Respondent did not submit answers by the agreed upon deadline and ignored two telephone messages left at his home requesting that he call the Committee. Respondent then failed to comply with a letter from the Committee dated March 3, 2003, giving respondent seven days to submit responses, and ignored a letter from the Committee, dated March 17, 2003, directing him to appear in person at the Committee offices on March 24, 2003. The Committee, in a letter dated March 28, 2003 which the Committee investigator, in addition to the usual mailings, personally delivered to respondent’s house, gave respondent another chance to personally appear on April 24, 2003. Respondent failed to appear and never submitted written answers to the complaints.
In addition to all of the foregoing, respondent last filed his biennial registration statement on May 5, 1999, and is delinquent for the 2001-2002 and 2003-2004 filing periods. We note that Judiciary Law § 468-a (5) provides that an attorney’s noncompliance with the registration requirements “shall constitute conduct prejudicial to the administration of justice and shall be *5 referred to the appropriate appellate division of the supreme court for disciplinary action.”
In our view, respondent’s conduct evinces willful noncompliance with a Committee investigation, warranting his immediate suspension (22 NYCRR 603.4 [e] [1] [i]; see also Matter of Hest, 308 AD2d 85 [2003]; Matter of Lawrence, 299 AD2d 101 [2002]). Moreover, respondent’s failure to keep his registration with the Office of Court Administration current, and his failure to pay his biennial fee serve as an independent basis for discipline (see Matter of Hest, supra at 804; Matter of Horoshko, 218 AD2d 339 [1996]).
Accordingly, the Committee’s motion, pursuant to 22 NYCRR 603.4 (e) (1) (i), to suspend respondent from the practice of law should be granted; respondent is suspended from the practice of law, effective immediately, until such time as the disciplinary matters before the Committee have been concluded, and until further order of this Court.
Nardelli, J.E, Rosenberger, Williams, Marlow and Gonzalez, JJ., concur.
Respondent suspended effective the date hereof and until further order of the Court.