[841 NYS2d 475]

In the Matter of BARRY J. BENZING (Admitted as BARRY JOSEPH BENZING), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee (Orlando Reyes of counsel), for petitioner.*

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Barry J. Benzing was admitted to the practice of

law in the State of New York by the Third Judicial Department on January 23, 1996, under the name Barry Joseph Benzing. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department. That office is now closed, respondent is delinquent in his registration with the Office of Court Administration (OCA), and he currently resides in Virginia.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court, based upon his lack of cooperation with the Committee's investigation of professional misconduct which threatens the public interest.

On or about March 27, 2006, the Committee received a complaint from one of respondent's clients alleging that he had retained respondent in January 2005 to pursue a claim against his former employer and paid him $1,200. Subsequently, this client retained respondent to represent him on a second, unspecified matter. Beginning in December 2005, the client attempted to contact respondent but his telephone calls and messages were not returned. In January 2006, the client visited the building where respondent had his offices and was advised by a security guard that respondent had relocated his office and intended to resume contact with clients in the future. The client subsequently discovered that respondent's telephone number and Web site were inactive.

On or about May 19, 2006, a second client filed a complaint against respondent alleging he had neglected her divorce matter. She retained respondent in October 2004 to represent her in an uncontested divorce and paid him $760 in installments. Pursuant to respondent's instructions, she contacted him in August 2005 in order to ascertain the status of the matter. Respondent advised that her divorce had been "lost" and told her to contact him again in one month. In September and November 2005, she spoke with respondent's secretary who told her the papers had been filed and gave her an index number which she later discovered "didn't exist." In December 2005, she learned that respondent's telephone and fax numbers were disconnected. She alleges respondent never completed her divorce or refunded her money.

Upon receiving these complaints, the Committee made a series of attempts to contact respondent. The Committee left approximately eight telephone messages on his home telephone

in Virginia and forwarded documents regarding its investigation, including copies of the complaints, on approximately 15 separate occasions. The letters sent first class mail were never returned and those sent certified mail were returned as "unclaimed." The mailings advised, inter alia, that respondent's failure to cooperate with the Committee's investigation could result in charges and his suspension from the practice of law in New York. No response to the phone calls or letters was received by the Committee.

In December 2006, the Committee sent a judicial subpoena duces tecum to respondent's home address via first class mail, certified mail and express mail, directing him to appear for a deposition at the Committee's offices on December 11, 2006. The cover letter advised respondent that his continuing failure to cooperate could result in his suspension. The letter sent first class mail was not returned, the other two letters were returned marked "unclaimed." Respondent failed to appear for his deposition and did not otherwise contact the Committee.

On January 12, 2007, the Committee sent to the Virginia State Bar a sealed envelope which contained a letter advising respondent that a motion to suspend predicated on his failure to cooperate would be submitted to this Court on or about February 22, 2007; copies of all the Committee's correspondence up to that point; and a second judicial subpoena duces tecum which directed respondent to personally appear before the Committee on February 20, 2007. An investigator for the Virginia State Bar attempted to personally deliver the sealed documents to respondent at his home on January 21, 2007. When respondent answered the door, he refused to accept the documents once he learned they came from the Committee and the documents were returned to the Committee. These documents were also sent to respondent by mail on January 12 and February 16, 2007, but respondent failed to appear for his deposition and did not otherwise contact the Committee.

The Office of Court Administration's records continue to list respondent's business as 11 Broadway, New York, New York, which the Committee confirmed is no longer a valid business address for respondent.

Respondent did not answer this motion or otherwise contact the Committee.

The Committee has presented clear, uncontested evidence of respondent's professional misconduct which immediately threatens the public interest. We have consistently held that im-

mediate suspension is appropriate for this type of serious professional misconduct (*see Matter of Spiegler*, 33 AD3d 187 [2006]).

Additionally, respondent's failure to inform OCA of changes to his addresses and telephone numbers, as required by Judiciary Law § 468-a "evidences a decision to make himself inaccessible to those to whom he is accountable, including the Committee" (*Matter of Bugtti*, 7AD3d 15, 16 [2004]). This constitutes an additional ground for immediate suspension.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded, and until further order of this Court.

SAXE, J.P., NARDELLI, BUCKLEY, SWEENY and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.