[901 NYS2d 184]

In the Matter of KENNETH J. AUSLANDER (Admitted as KENNETH J. AUSLANDER, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 6, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Kenneth J. Auslander*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Kenneth J. Auslander was admitted to the practice of law in the State of New York by the First Judicial Department on December 3, 1990 under the name Kenneth J. Auslander, Jr. At all times relevant to this petition, respondent maintained an office for the practice of law within the First Judicial Department. According to records maintained by the Office of Court Administration, respondent is delinquent in the payment of his registration fees for the 2008-2009 biennial registration period.

The Committee commenced an investigation of five separate complaints filed against respondent between October 2007 and November 2008, which involved his representation of the complainants in the sale of their cooperative apartments. Three complaints allege that respondent failed to pay the seller's transfer tax out of funds held in respondent's escrow account. The two others allege that respondent failed to provide closing statements after the apartment sales.

After some delay and after receiving extensions of time, respondent submitted answers to two of the complaints in December 2007 and January 2008, respectively, explaining that he was depressed and distracted as the result of his father's illness and death. He did not submit answers to the remaining complaints despite receiving second letters from the Committee in December 2008 reminding him to do so. Respondent was thereupon directed, pursuant to subpoena, to appear for a deposition on February 11, 2009 and to bring with him his files on those three cases. Respondent failed to appear on that occasion but did appear for a deposition the following month, although without all of the requested records, which he agreed to provide within two weeks. Respondent attributed his various oversights culminating in the filing of the complaints against him to a pattern of procrastination that had affected him for approximately a year, his preoccupation with his real estate practice that was collapsing due to the recession, the need to provide care for his fatally ill father, a recent move and the birth of his first child. Respondent stated that he had no more than two or three clients.

Respondent thereafter failed to furnish the Committee with any of the items requested during the March deposition, and re-

spondent was again deposed in late June 2009. Again he did not bring the requested client files, and again he promised to furnish them to the Committee within two weeks. By way of explanation for his lack of cooperation, he stated that he was depressed by his personal and professional difficulties and was consulting a psychologist, who had prescribed medication.

Respondent once more failed to produce the requested documents, prompting a letter requesting his appearance before the Committee on September 9, 2009. When he again failed to appear, an investigator ascertained that respondent had vacated his law office. Several days later, the investigator personally served respondent at his home address with a subpoena commanding him to appear for an October 23, 2009 deposition and to produce his escrow account records from 2000 to present. Respondent neither appeared nor produced the requested escrow records.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law based upon his failure to cooperate with the Committee's investigation of professional misconduct and other uncontested evidence of misconduct that immediately threatens the public interest. Although granted an extension of time to answer, he has not submitted a response. The Committee notes that it has afforded respondent numerous opportunities to cooperate with its investigation. Nevertheless, he has failed to answer three of the complaints against him, provide requested documentation and appear for the October 2009 deposition. In further support of the motion, the Committee notes respondent's violation of Judiciary Law § 468-a for failing to file a 2008-2009 biennial registration statement and pay the prescribed fee.

Respondent's failure to cooperate with the Committee's investigation is amply demonstrated by the record. Although respondent's deposition testimony indicates that some of the payments alleged by his clients to be outstanding may have been made, the complaints cannot be resolved without the escrow records requested by the Committee. And while respondent has offered excuses for his lack of cooperation, particularly his depressed mental state, there is no statement by his treating physician attesting to his depression or relating that condition to respondent's professional lapses. Thus, immediate suspension is warranted (22 NYCRR 603.4 [e] [1] [i]; *e.g. Matter of Kaplan*, 49 AD3d 107 [2008]; *Matter of Benzing*, 43 AD3d 163

[2007]). Furthermore, the failure to maintain current registration with the Office of Court Administration affords an independent basis for suspension (22 NYCRR 603.4 [e] [1] [iii]; *see Kaplan*, 49 AD3d at 112; *Matter of Hest*, 308 AD2d 85 [2003]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), effective immediately and until the further order of this Court.

TOM, J.P., ANDRIAS, FRIEDMAN, NARDELLI and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.