[909 NYS2d 66]

In the Matter of KELECHI BERNARD AMASIKE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 26, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Kelechi Bernard Amasike,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Kelechi Bernard Amasike was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1998. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court based upon his failure to comply with lawful demands of the Committee made in connection with its investigation of complaints filed against respondent alleging professional misconduct, respondent's substantial admission under oath that he has committed acts of professional misconduct and uncontested evidence of professional misconduct.

In May 2007, the Committee began a sua sponte investigation upon being advised by the Lawyers' Fund for Client Protection that a check drawn on the escrow account of respondent's firm had been dishonored for insufficient funds. The Committee notified respondent by letter that it had initiated an investigation and directed him to provide a written explanation of the check's dishonor within 20 days after receipt of the letter. Respondent did not answer the letter within the time allotted and the Committee sent him two more letters reminding him of his failure to answer and directing him to contact the Committee. On December 17, 2007, the Committee had respondent served with a subpoena directing him to appear for a deposition. The subpoena required respondent to bring to the deposition documents and records showing, among other things, the sources of funds deposited into the escrow account as well as the names of all persons to whom such funds were disbursed. The Committee acceded to respondent's request for an adjournment on condition that he produce the required documents and records. Although respondent provided the Committee with some documents, the required information pertaining to the sources of the deposits and the identity of the payees was never produced. At his March 2008 deposition, respondent testified that he managed the escrow account and used it as his operating account although it contained clients funds as well as his own. Respondent also testified that he withdrew funds from the escrow account by using automated teller machines and wire transfers.

Between June 2008 and August 2009, seven of respondent's clients filed complaints of professional misconduct against him. Obiozor Anazonwu alleged that respondent failed to communicate with him and inform him of the status of his personal injury matter. In his answer, respondent did not refute the substance of Anazonwu's complaint claiming that he "did not have [his] file to answer to the client's complaint paragraph by paragraph."

Twana N. Deas-Lewis, another client, complained that respondent stopped communicating with her and abandoned her personal injury action which stemmed from an automobile accident. Upon her own inspection of court records, Deas-Lewis discovered that a default judgment in the amount of $250,000 had been entered in her favor. Deas-Lewis reported that she had to engage other counsel to enforce the judgment. Without addressing the merits of Deas-Lewis's complaint of neglect, lack of communication and abandonment, respondent simply informed the Committee that he had "handed over" his file to an unnamed colleague.

The Committee received similar complaints of neglect and abandonment of matters from other personal injury clients, namely Robson Ozobia, William Baffour-Gyan and Felicia Akosa. Respondent's answers to these complaints also fail to address the substance of the clients' allegations. Aloysius Emiga, another client, complained to the Committee that respondent had failed to communicate with him with respect to a collection matter. To date, respondent's only answer to the complaint is an assertion that he would welcome the opportunity to review his file and submit requisite documents. Respondent has failed to file any answer with respect a second complaint by Arthur L. Clarke, another client, who alleged that respondent has failed to communicate with him with respect to his case. In addition to the foregoing, the Committee has submitted evidence that respondent has failed to keep his registration with the Office of Court Administration (OCA) current.

Immediate suspension on an interim basis is appropriate where, as here, there is uncontested evidence of professional misconduct (22 NYCRR 603.4 [e] [1] [iii]; *Matter of Benzing*, 43 AD3d 163 [2007]). The Committee has presented uncontested evidence that respondent has neglected legal matters entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3] [now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b)]). Such immedi-

ate suspension is also appropriate where an attorney has made a substantial admission under oath that he or she has committed an act or acts of professional misconduct (22 NYCRR 603.4 [e] [1] [ii]). In this regard, the Committee has submitted evidence that respondent has admitted under oath that he commingled his clients' funds with his own in violation of DR 9-102 (22 NYCRR 1200.46 [now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15]). Moreover, respondent's failure to keep his registration with OCA current serves as an independent basis for an immediate suspension on an interim basis (*see Matter of Auslander*, 74 AD3d 93 [2010]).

Accordingly, the motion pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) should be granted and respondent suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded and until further order of this Court.

DEGRASSE, J.P., FREEDMAN, RICHTER, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.