[934 NYS2d 109]

In the Matter of KEVIN P. CLAFFEY (Admitted as KEVIN PATRICK CLAFFEY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 22, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kevin P. Claffey was admitted to the practice of law in the State of New York by the Second Judicial Department on June 29, 2008. The Departmental Disciplinary Committee asserts, upon information and belief, that respondent no longer maintains an office for the practice of law within the State of New York. However, this Court has jurisdiction over respondent pursuant to 22 NYCRR 603.1, based upon his last known business address within the First Department. Notice of this proceeding was made by publication on September 17, 2011 pursuant to an unpublished order of this Court entered on September 7, 2011.

The Committee has filed a motion seeking respondent's immediate suspension, pursuant to 22 NYCRR 603.4 (e) (1) (i), based on respondent's failure to cooperate with the Committee's investigation of two complaints filed against him between August 2010 and January 2011. Respondent has defaulted on the motion.

The first complaint against respondent was filed in August 2010 by a client who alleged that respondent neglected his claims against the property of an individual who died intestate in August 2005. The client contends that he last spoke with respondent in March 2010 by telephone. Thereafter, despite repeated attempts, the client was unable to contact respondent.

According to documents provided by David I. Barrett, Esq., the attorney for the administrator of the decedent and other claimants to his property, respondent informed Barrett that he would seek the appointment of a referee by a February 2009 motion before the Queens County Surrogate's Court. Thereafter, in February 2010 and March 2011, Barrett wrote to respondent complaining that he wanted to join the motion but that respondent had never filed it.

Between September 2010 and January 2011, the Committee sent respondent four letters, by first-class mail or certified mail, return receipt requested, to his registered business address and home address. Each letter requested that respondent answer the client's complaint in writing or face possible sanctions. Respondent never answered the letters, but one was returned as undeliverable and another was returned with a handwritten note on the envelope that respondent had not lived at the listed address for about six months.

The second complaint against respondent was filed in December 2010. The client alleged that in January 2008 she paid respondent $1,150 toward a total fee of $1,500 to represent her in a divorce proceeding. The client claimed that, after she had unsuccessfully tried to telephone respondent for more than a year after retaining him, she traveled in 2009 to the Kings County Supreme Court to inquire about the status of her divorce; a clerk told her the court papers that respondent submitted were defective and had been rejected. The client appends copies of the summons and complaint in the divorce action that indicate that respondent prepared the papers. In September 2010, the action was deemed abandoned and dismissed by the court.

In January 2011, the Committee mailed a letter to respondent's home enclosing a copy of the second client's complaint with a letter seeking a written response. Respondent did not reply.

Thereafter, the Committee used additional means to try to contact respondent. In January 2011, a staff investigator visited the business address on respondent's Office of Court Administration (OCA) registration form and ascertained that a law firm which does not employ respondent is located there. The firm did not have any forwarding information for respondent.

In February 2011, another staff investigator searched the public records and verified that respondent's business and home address had not changed. The investigator tried contacting respondent by letter, his listed telephone and cell phone numbers, and e-mail, all without success. In addition, the investigator traveled to respondent's home address, but received no answer when he rang various doorbells. He did, however, observe a parked vehicle that Department of Motor Vehicles records indicated was registered to respondent.

The Committee argues that respondent's failure to provide OCA and the United States Postal Service with current or forwarding addresses, and that his failure to timely advise OCA of any changes in his business address and business telephone number, violated Judiciary Law § 468-a (2) and 22 NYCRR 118.1 (f). The Committee contends that respondent thwarted its investigation by rendering himself incommunicado by not providing current, valid addresses where he could be reached and, therefore, his immediate suspension is warranted pursuant to 22 NYCRR 603.4 (e) (1) (i).

Case law supports the Committee's position (*see Matter of Kaplan*, 49 AD3d 107 [2008] [respondent suspended for, inter

alia, failing to provide information requested by the Committee and failing to appear for its scheduled depositions]; *Matter of Fletcher*, 58 AD3d 254 [2008] [respondent suspended for, inter alia, noncooperation with the Committee's investigation by not responding to the Committee's numerous letters over a six-month period sent to his business and home addresses]; *Matter of Benzing*, 43 AD3d 163 [2007] [respondent suspended after closing office and moving out of state without informing clients, and for failing to respond to numerous attempts to contact him]).

The Committee also cites to respondent's failure to maintain current registration with OCA, in violation of Judiciary Law § 468-a (5), as additional grounds for his immediate suspension.

The Committee has presented sufficient evidence that respondent has hindered its investigation by failing to provide OCA with his current business and residential addresses, and therefore, immediate suspension is warranted pursuant to 22 NYCRR 603.4 (e) (1) (i). In this instance, however, respondent's failure to maintain a current registration with OCA cannot be cited as an additional ground for immediate suspension. While the Committee cites to this failure in the body of its motion, it does not formally request that the Court deem it as a basis for suspension under 22 NYCRR 603.4 (e) (1) (iii). Rather, the Committee relies solely on 22 NYCRR 603.4 (e) (1) (i), failure to cooperate, in its request for an order of suspension.

Accordingly, the Committee's motion should be granted.

Respondent is suspended from the practice law, pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately and until further order of this Court.

ANDRIAS, J.P., SWEENY, ACOSTA, FREEDMAN and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof and until further order of this Court.